No. 8398.

CLIFT, ADMINISTRATOR, *v.* SHOCKLEY.

DECEDENTS' ESTATES.—*Evidence.*—*Witness.*—Where exceptions are filed to the report of an administrator, a claimant, to whom the administrator had paid a claim without allowance by the court, is incompetent to testify as to the justness of the claim or the amount due thereon, under the provisions of the act of March 11th, 1867, 2 R. S. 1876, p. 132.

From the Henry Circuit Court.

*J. M. Brown* and *M. E. Forkner*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellee.

ELLIOTT, C. J.—This record presents a single question. Appellant offered a witness, appellee objected that he was incompetent, the objection prevailed and the witness was not allowed to testify. The issue arose upon exceptions filed to a report made by the appellant as the administrator of the estate of Susannah Duke, deceased. The ground of exception was, that appellant had wrongfully paid, without an allowance by the court, a claim for $1,000 to James Duke, who demanded that sum for services for taking care of the decedent during the latter years of her life. Appellant offered Duke as a witness for the purpose of proving that the claim was a just one, and that the amount was due him.

It is certain that, if Duke's claim had been resisted by the administrator, he would not have been a competent witness, under the statute in force when the trial took place. To adjudge him competent to establish the claim, contested as it here was, would be to permit that to be done by indirection which could not have been directly done. The question of the fairness and justness of his claim was as fully in issue in the contest between the heir and the administrator, as it would have been had resistance been made by the latter. The fact that the claimant had secured payment of his claim ought not to be held to make him competent to testify against the dead, unless the statute so requires.

The appellant insists that the witness was not a party, within the meaning of the act of 1867, 2 R. S. 1876, p. 132. If we look no further than the letter of the act, we must sustain this contention. The act reads thus: "That in all suits where an executor, administrator or guardian, is a party in a case, where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a

witness unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator or guardian of such estate."

Courts, in giving effect to statutes are not, however, to regard the mere letter, but they are to look to its spirit and purpose ; to halt at the letter would be to stick in the bark. The court which looked no further than the letter would be within the implied censure contained in Lord Coke's maxim, "He who considers merely the letter of an instrument, goes but skin-deep into its meaning." In giving effect to the statutes here under examination, the court has hitherto looked beyond the letter to the purpose and intention of its framers.

In *Goodwin* v. *Goodwin*, 48 Ind. 584, the executor was permitted to testify upon the trial of exceptions alleged against his report, and this was held error. The court there said : "It is urged that this statute is not applicable in this case, because no judgment could be rendered for or against the estate represented by the executor. If the statute is to be literally understood, this is true. But this court has not regarded the very letter of the statute in putting a construction upon it. On the contrary, it has rather sought so to construe it as to give effect to the obvious intention of the Legislature."

In *Ketcham* v. *Hill*, 42 Ind. 64, the statute received very careful consideration, and a great number of cases are collected and reviewed, and it was there said : "We entertain no doubt that the assignor of a claim against the estate of a decedent is excluded by the spirit and intent of the act."

It was said in the case of *Peacock* v. *Albin*, 39 Ind. 25, that it was the manifest intention of the Legislature to provide protection against unjust claims being filed against estates ; and, to quote the language of BUSKIRK, C. J., by whom the opinion of the court was expressed : "If, then, the purpose was to guard and protect decedents' estates, why limit the operations of the law to the time when the estate is

represented by the executor and administrator? Such a construction would lead to an absurdity and great injustice. It would protect the estate while represented by the administrator or executor, but would afford no protection when the estate was represented, under the provisions of the statute, by the heirs at law, or the devisees and legatees under a will. The executor or administrator does not represent himself, nor does the heir or legatee, but the estate." This reasoning applies with peculiar force to the question before us. In contesting the report of appellant, the heir really represents the estate, for if he successfully wages his contest, the estate is saved the payment of an unjust claim. The estate, and not the heir, is the immediate gainer, if success is attained.

The case of *Martin* v. *Asher's Adm'r*, 25 Ind. 237, held, that under the law of 1861, which was more liberal in its provisions than that of 1875, an assignor could not testify against an administrator. In *Wiseman* v. *Wiseman*, 73 Ind. 112, many cases are collected showing that the court has in many instances construed the statute according to its spirit rather than its letter. The rule of construction adopted by this court prevails elsewhere. The statute of Mississippi provides, that "no person shall be a witness in any suit, by or against himself, to establish his own claim to an amount exceeding fifty dollars against the estate of a deceased person," and it was held by the Supreme Court of that State that one who had assigned a claim without recourse could not be a witness in favor of his assignee. *Reinhardt* v. *Evans*, 48 Miss. 230. In the opinion delivered in that case it was said: "We do not think it necessary to discuss rules for the construction of statutes. Effect is given to the one under consideration according to its plain, evident intention, apparent upon its face, and in accordance with the public policy which it unmistakably declares, and this is a construction sustained by reason and the adjudications." Under a statute similar to ours, it was held that one who had agreed

to indemnify the party by whom the claim was filed, against loss, was not a competent witness. *Stallings' Adm'r* v. *Hinson*, 49 Ala. 92. It has been the purpose of the courts, so far as our investigation has enabled us to judge, to carefully and vigilantly protect the estates of the dead from the danger of wrong by the living. Wherever the question has been presented for judicial decision, the earnest endeavor has been to shut the door against possible collusion, fraud or chicanery. Following the current of judicial opinion, it must be held that the original claimant is an incompetent witness in such a proceeding as the present. If appellant's contention is to prevail, then all one need do, who asserts a claim against the estate of a decedent, is to procure its payment; and when the question whether the payment was justly made or not comes up for trial, offer himself as a witness and make good his claim. To permit this would tend to make administrators careless of their duties, for they would feel that if objection should be urged against their action, they could sustain it by the testimony of the party by whom the claim was made. If we declare the rule to be that the claimant is a competent witness, we make plain the way for evading the statute. We are sure that we should thwart the intention of the Legislature were we to adopt such a construction as that for which appellant contends.

It is insisted that the claimant was competent to prove payment of his claim by the administrator. Whether the claimant was or was not competent upon this point, is a question of much difficulty; but it is one which we are not required to decide. Whether the witness was or was not competent upon this point, no harm was done the appellant in excluding his testimony. The payment was not controverted; this fact was, in effect, conceded. The testimony excluded could have added nothing to the strength of the appellant's case upon this point.

Judgment affirmed.