Filed Dec. 20, 1888.

| 116 | 403 |
| 121 | 424 |
| 122 | 231 |
| 123 | 314 |
| 123 | 524 |
| 116 | 403 |
| 124 | 426 |
| 116 | 403 |
| 140 | 496 |
| 116 | 403 |
| 152 | 474 |

No. 13,997.

## DURHAM v. SHANNON.

REPLEVIN.— *Witness.*—*Decedent's Estate.*—*Matters Affecting.*—*Administrator's Sale.*—*Gift.*—Section 498, R. S. 1881, disqualifying certain persons to testify as to matters occurring during the lifetime of a decedent and affecting his estate, does not prohibit the plaintiff in an action of replevin, brought against a purchaser at an administrator's sale to recover possession of a horse sold as property of the decedent, from testifying that the decedent had made him a gift of the animal.

SAME.—*Evidence.*—*Declarations.*—*Res Gestæ.*—In such action, declarations of the decedent, made a day or two before he purchased the horse, that he intended to buy a horse for the plaintiff, and declarations made after the purchase, and while the animal was ostensibly in his possession, that he had bought the horse for the plaintiff, are competent as part of the *res gestæ.*

From the Vigo Superior Court.

*S. B. Davis, S. C. Davis, R. B. Stimson* and *S. C. Stimson,* for appellant.

*J. E. Lamb, G. W. Faris* and *S. R. Hamill,* for appellee.

MITCHELL, J.—Replevin by Shannon to recover the possession of a mare and colt, of which he alleges he is the

owner, and which it is charged the defendant, Durham, un-lawfully took and detained, etc.

Upon an issue made by the general denial, there was a trial resulting in a verdict and judgment for the plaintiff.

It appeared that Patrick Shannon, since deceased, pur-chased the mare at a public sale in 1877. The plaintiff, although not related by blood, had been in some sense a mem-ber of Shannon's family from his early childhood, and claimed that the latter had presented him the mare, on the day he purchased her, as a gift. The animal remained in the pos-session of Shannon, who used her apparently as his own, until the fall of 1885, when he sent her to Lexington, Ken-tucky, to be bred. She remained there until after Shannon died, which occurred in April, 1886, and until after she had the colt in controversy. Subsequently the administrator of the decedent's estate paid the bills incurred in Kentucky, and while the mare and colt remained in that State they were sold by order of the court by the administrator to the defendant, Durham, for $500, who brought them to Indiana at his own expense, in March, 1887. The plaintiff commenced this suit in May following.

At the trial the plaintiff produced witnesses who gave ev-idence of declarations made by Patrick Shannon in his life-time, tending to show that he had given the animal to the plaintiff, and the latter was also permitted to testify in his own behalf, to the effect that the decedent had presented the mare to him on the day she was purchased and brought to the Shannon homestead.

On the appellant's behalf it is now contended that the plaintiff was incompetent to testify concerning the alleged gift of the mare to him by the decedent in his lifetime, within the prohibition contained in section 498, R. S. 1881.

This section enacts that " In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or

against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."

In determining the competency of a witness, the accepted rule is not to regard the mere letter of the statute, but to look to its spirit and purpose. *Clift* v. *Shockley*, 77 Ind. 297 ; *Wiseman* v. *Wiseman*, 73 Ind. 112 ; *Ketcham* v. *Hill*, 42 Ind. 64 ; *Peacock* v. *Albin*, 39 Ind. 25.

The evident purpose of the section under consideration was to protect the estates of deceased persons from the apprehended danger of permitting the surviving party to a contract or transaction to testify in respect to it, after the lips of the other party had been closed by death. Hence a party to a transaction involved in the issue on trial is put under a statutory disability, and is excluded from testifying when the other party to the same matter is disabled by death, and where he is represented in the action which involves such contract or transaction by an executor or administrator, or some one who, in legal contemplation, stands in his place, and when the judgment to be rendered may affect his estate either directly or indirectly.

Accordingly it was held in *Taylor* v. *Duesterberg*, 109 Ind. 165, that where a party to a contract or transaction is dead, and his rights in the contract or subject-matter have passed to another, who represents him in the action or proceeding, the true spirit and purpose of the act excludes the surviving party to the transaction from testifying in relation to matters pertaining thereto, which occurred during the lifetime of the decedent. Generally speaking, three things must concur in order to exclude the testimony of the surviving adversely interested party : (1) The transaction, or the subject-matter thereof, must be in some way directly involved in the action or proceeding, and it must appear that one of the parties to the transaction, about to be proved, is dead. (2) The right of the deceased party must have passed,

either by his own act or that of the law, to another, who represents him in the action or proceeding in the character of executor, administrator or in some other manner in which he is authorized by law to bind the estate. (3) It must appear that the allowance to be made or the judgment to be rendered may either directly or indirectly affect the estate of the decedent.

In the case last above cited, both parties to the transaction, concerning which the parties thereto were called to testify, were alive. The decedent was not a party to the matter about which testimony was offered, and had no interest in the transaction when it occurred, and although he was represented by an administrator and his estate was interested in the subject-matter of the transaction, and was liable to be affected by the judgment to be rendered, it was nevertheless ruled, that since the transaction only came collaterally in question, and the decedent was not a party to it, the parties were competent to testify.

*Clift* v. *Shockley, supra,* is a representative case showing the proper construction of the statute when considered from another point of view. In that case an administrator had paid a claim against the estate of the decedent without the order of the court. Exceptions were taken to his account, and the propriety of his conduct in making payment of the claim came in question. He called the person whose claim he had paid as a witness to prove that it was just, and that it was properly paid. It was held, although the witness was not a party to the proceeding and had no interest in the event of the suit, that since the purpose of the statute was to guard estates, and since the testimony offered was liable to affect the estate injuriously, the witness was properly excluded from testifying.

The cause of action in the present case is the wrongful taking and unlawful detention of the property described in the complaint. The parties to this cause of action are both living. The transaction between the plaintiff and Patrick

Shannon arises incidentally only, and is collateral to the real cause of action.

Neither of the parties to the action in any sense represents the estate of Patrick Shannon, nor will the judgment bind or conclude the estate. True, the plaintiff predicates his title to the property in dispute upon the gift alleged to have been made to him by the decedent, and if the estate of the latter was in any way represented in the action, or interested in the controversy, so as to be concluded by the judgment, the policy of the statute would exclude the plaintiff's testimony. Such, however, is not the fact, and the case is, therefore, neither within the reason nor the letter of the statute.  *Downs* v. *Belden*, 46 Vt. 674;  *Bradly* v. *West*, 68 Mo. 69.

If the administrator can be required to reimburse the purchaser, a subject concerning which we intimate no opinion, he may maintain replevin for the property, without being in any way embarrassed by the judgment rendered in this action, in which the estate was in no way represented.

The court admitted in evidence declarations made by Patrick Shannon a day or two before he purchased the mare in controversy, to the effect that he intended to purchase a colt for the plaintiff, and also declarations made after the purchase, and while the animal was ostensibly in his possession, to the effect that he had purchased her for the plaintiff.

These declarations were properly admitted; the first as being substantially contemporaneous with the act of purchasing, and while it was in progress, and where one is competent, the contemporaneous declarations are also admissible as part of the *res gestæ*. The last were admissible under the rule which declares that the declarations of a person, while in possession of personal property, in disparagement of his own title or explanatory of the character of his possession, are always received as part of the *res gestæ*.  *Creighton* v. *Hoppis*, 99 Ind. 369, and cases cited.

It is quite true that declarations made by a person under whom a party claims, after the declarant has parted with his

right, are not admissible to affect the title of another person claiming from the same source. But as possession of personal property is the *indicia* of ownership, declarations made by a person while in possession, in derogation of his ownership, are admissible, not only as against the declarant, but as against one claiming to have derived a title under him, subsequent to such declarations.

The rule of law is, that where it becomes important to inquire into the nature of an act, or the character of possession of property, proof of what the person said while performing the act, or while the possession continued, is admissible in evidence.

An examination of the instructions, about which some complaint of a general character is made, leads us to the conclusion that they are not justly subject to adverse criticism. The evidence, if believed, was, of course, sufficient to sustain the verdict. We find no error.

The judgment is therefore affirmed, with costs.

Filed Dec. 21, 1888.