DENNIS CUNNINGHAM v. FRANCIS C. FULLER.

[FILED JUNE 30, 1892.]

1. **Evidence**: DECLARATIONS AS TO TITLE. The declarations of a person in the possession of property, as to his title, are admissible evidence against him and all persons claiming under him.

2. ———. *Held*, That certain testimony set forth in the opinion was improperly rejected.

3. An instruction asked by a party which conforms to the proof introduced by him should be given. A party is entitled to have his case submitted to the jury upon his theory as shown by the evidence.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

Cowin & McHugh, for plaintiff in error, cited, that the declarations of Duncan as to the ownership of the property should have been received: *Dorsey v. Dorsey*, 3 H. & J. [Md.], 506; *Strickler v. Todd*, 10 S. & R. [Pa.], 63; *Jackson v. Davis*, 5 Cow. [N. Y.], 123; *Bird v. Smith*, 8 Watts [Pa.], 434; *Waring v. Warren*, 1 Johns. [N. Y.], 340; *Ivat v. Finch*, 1 Taunt. [Eng.], 142; *Stewart v. Cheatham*, 3 Yerg. [Tenn.], 60; *Smith v. Montgomery's Adm'rs*, 5 Monroe [Ky.], 502; *Forsyth v. Kreakbaum*, 7 Id., 97;

*Guy v. Hall,* 3 Murphy [N. Car.], 150; *Johnson v. Patter-son,* 2 Hawks [N. Car.], 183.

*C. A. Baldwin (F. L. Weaver* with him), *contra,* cited: 1 Greenl., Ev., secs. 109, 110.

MAXWELL, CH. J.

This is a contest over a building. The plaintiff alleges that he purchased the building for $1,300 and paid $100 in cash; the remaining $1,200 being debts against the building which he assumed; that the building had been used for a saloon, and the plaintiff designed to continue the use of it for that business; that one Ennis had been in the saloon before the plaintiff purchased it and one Duncan had an interest in the business, and the $1,200 were to be paid out of the receipts of the saloon, upon the payment of which Duncan was to own one-third of the building and Ennis one-third, the remaining third to be in the plaintiff; the title, however, to remain in the plaintiff until such payments were made. The common source of title was Gromer & Yates. The defendant contends that Gromer & Yates sold the property to Duncan, from whom the defendant purchased it. None of the transactions between the plaintiff Ennis and Duncan were reduced to writing. On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered.

The plaintiff introduced testimony in support of his theory of his case, and that the building had been used as a saloon for some five or six months after the arrangement above spoken of was made, and about $600 of the indebtedness had been paid, when the custom of the saloon fell off and the business was unprofitable and both Ennis and Duncan quit the saloon. Soon after this Duncan made a bill of sale of the property in controversy to the defendant, and upon this bill of sale he bases his claim of title to the property.

On the trial of the cause the plaintiff offered "to piove by the plaintiff that subsequent to the time when this witness went into possession of the property, as testified to by him, and after the $600 were paid, as testified by him, out of the proceeds of the business of this saloon upon the debts assumed, as testified by him, that he, George W. Duncan, in a conversation with this witness, admitted that h: would become the owner of one-third of the property in controversy when the debts so assumed were paid out of the proceeds of said business." This was objected to on behalf of the defendant, and the objection sustained, to which exceptions were taken. In this we think the court erred. The declarations of a person in the possession of land as to his title are admissible evidence against him and all persons claiming under him. (*Jackson v. Bard*, 4 Johns. [N. Y.], 230; *Dorsey v. Dorsey*, 3 Har. & Johns. [Md.], 426; *Strickler v. Todd*, 10 S. & R. [Pa.], 63; *Jackson v. Davis*, 5 Cow. [N. Y.], 123; *Corbin v. Jackson*, 14 Wend. [N. Y.], 619 ; *Bird v. Smith*, 8 Watts [Pa.], 434.) This principle is applicable to personal property (*Durham v. Shannon*, 116 Ind., 403), and was recognized by this court in *Campbell v. Holland*, 22 Neb., 587.

Second—The plaintiff offered to prove that, by the terms of the agreement between the plaintiff Ennis and Duncan, the plaintiff was to be personally and exclusively responsible for all that portion of the $1,200 indebtedness referred to which would not be paid off by the proceeds of the saloon business. This offer was objected to and the testimony excluded. In this we think the court erred. The plaintiff should be permitted to offer such proof as he may have in support of his theory of the case. The contract being verbal, the proof necessarily must be so, and the court should permit full inquiry into the facts of the case.

Third—The plaintiff asked the court to give the following instruction: "The court instructs you that if you

believe from the evidence in this case that the property in question was purchased from Gromer & Yates by Dennis Cunningham, John Ennis, and George W. Duncan, under the agreement that the ownership of the property in question was to be and remain in Dennis Cunningham until the proceeds of the business carried on with the property should pay the debts thereof, and if you further believe from the evidence in this case that said proceeds of said business did not pay the debts thereof before the bringing of this suit, then and in that case Dennis Cunningham was, at the time of bringing this suit, the owner of the property in controversy." This was refused, to which exceptions were duly taken. In this we think the court erred. This instruction conformed to the plaintiff's theory. He had introduced proof in support of this view of the case, and the jury should have been told directly what the effect would be if they found this evidence to be true. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.