CONSOLIDATED TANK LINE COMPANY V. BENDIX
PIEN ET AL.

FILED APRIL 16, 1895.  NO. 6364.

1. **Ejectment:** EVIDENCE. The declarations of a former owner of
land are not admissible as against those claiming under him
when made after he has conveyed the land.

2. ——: ——. The evidence *held* sufficient to sustain the ver-
dict.

ERROR from the district court of Hall county. Tried
below before HARRISON, J.

*W. H. Platt,* for plaintiff in error.

*W. A. Prince, contra.*

IRVINE, C.

This was an action of ejectment by the plaintiff in error
against Bendix Pien and Johann Frederick Wiese for a
small tract of land adjoining the city of Grand Island.
The plaintiff, in 1888, purchased a tract including that in
dispute. Bendix Pien had been the owner of a tract im-
mediately north of this for many years and in 1887 con-
veyed it to Wiese by warranty deed. The tract, as fenced
and occupied by the defendants, included a portion of that
claimed by the plaintiff, and this portion was the land in
in controversy. The contest was practically centered upon
the plea of adverse possession interposed by defendants.
There was a verdict and judgment for defendants.

Plaintiff in error argues but two assignments. One of
these relates to the exclusion of evidence, and the other is
that the verdict is not sustained by the evidence. Of the
latter assignment it is sufficient to say that the evidence has
been examined and that it discloses a conflict in some par-

ticulars rather remarkable.    We are satisfied that there was
sufficient to sustain the verdict of the jury.    The other as-
signment is that the court erred in excluding the evidence of
an admission made by Pien.    It would be inferred from
the evidence that Pien continued, after his conveyance to
Wiese, to reside on the land with Wiese.    The nature of
his residence does not appear.    The admission referred to,
according to the offer made by plaintiff, must have been
made in 1889, two years after Pien had conveyed his whole
estate to Wiese, and was to the effect that Pien knew his
fence was beyond his line.    It has been held in this state,
in accordance with the general rule, that the declarations
of a person in possession of property as to his title are ad-
missible against him and all persons claiming under him
(*Cunningham v. Fuller*, 35 Neb., 58); but we do not think
that this rule extends so far as to authorize the admission
in evidence of declarations by a grantor of land made after
the conveyance in disparagement of the title conveyed.    To
admit such evidence would open the door to fraud, and
would permit the grantee's estate to be divested by the
statements of his grantor contrary to the terms of his
deed.    The reasons given for admitting in evidence the
declarations of a former owner are that the declarant was
so situated that he probably knew the truth, and that the
declaration in disparagement of his title, being against his
interest, was probably true.    The latter reason fails alto-
gether when the former owner has parted with his interest
before making the declarations. (*Chadwick v. Fonner*, 69
N. Y., 404.)    That such admissions are not receivable in
evidence when made after the grantor has parted with his
title see *Christie v. Bishop*, 1 Barb. Ch. [N. Y.], 105.
There was no error in excluding this evidence.

JUDGMENT AFFIRMED.

HARRISON, J., not sitting.