SARAH F. HEFFLEY v. ERNEST HUNGER.

FILED MAY 4, 1898.   No. 8068.

1. **Fraudulent Conveyances:** BURDEN OF PROOF. If a mortgage of
    chattel property executed and delivered by one relative to an-
    other, ostensibly to secure the payment of a past due indebtedness,
    which, if effectual, will deprive creditors of the mortgagor of sat-
    isfaction of their just dues and claims, is attacked as fraudulent,
    it devolves upon the party who seeks to assert rights under and
    by virtue of it to establish the *bona fides* of the transaction evi-
    denced by the instrument—not only that the debt alleged to have
    been secured was a true one, but that the other parts of the trans-
    action were with an honest intent and in good faith.

2. **Review of Instructions:** HARMLESS ERROR. Objections to instruc-
    tions considered, and *held* not available.  If any errors were indi-
    cated, they were without prejudice to the rights of the com-
    plainant.

3. **Replevin:** VERDICT. The verdict in this, a replevin action, *held*
    sufficient.

4. **Fraudulent Chattel Mortgage.** Evidence determined sufficient to sustain the verdict.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

The facts are stated in the opinion.

*M. M. Starr* and *Lamb, Adams & Scott,* for plaintiff in error:

When the existence of the debt was shown, and it was shown that the mortgage was given to secure that debt, then the burden was upon the defendant to show that the mortgage was fraudulent; and it was error to instruct the jury that that burden was upon the plaintiff. (*Hocy v. Pierron,* 30 N. W. Rep. [Wis.] 692.)

*Harwood, Ames & Pettis, contra.*

HARRISON, C. J.

Clarence I. Heffley was engaged in business as a merchant tailor in the city of Lincoln, and on August 11, 1893, executed in favor of his mother a chattel mortgage on all his business stock, fixtures, and tools, and two or three days subsequent to the execution of the mortgage delivered it to the attorney or agent for his mother in the city to which we have referred, she then being in another state. At a later date writs of attachment were obtained to issue by some creditors of the son and were placed in the hands of the defendant in error, then a constable, for service and were by him levied on the property described in the mortgage or a portion thereof. The plaintiff in error brought this, an action of replevin, to recover the possession of the property, and the main issue litigated was of the mortgage to the mother, whether it was *bona fide* or fraudulent. The jury by its verdict determined it to be the latter, and the judgment of the court was in accord with the verdict.

It is urged for plaintiff in error that the trial court

erred in paragraphs numbered 3 and 4 of its charge to the jury in its statements therein that it devolved on the plaintiff to show that the transaction of mortgage by the son to her was of honest intent and purpose and in all respects in good faith; and it is argued in this connection that the debt or a portion of it, for the payment of which the mortgage was in terms a security, was shown to have been a true indebtedness; that when this was done the burden of proof or the good-faith character of the transaction was no longer with the plaintiff, but shifted to the defendant, and it was then for him to establish by a preponderance of evidence that it was fraudulent. In support of the doctrine to which we have just referred, an opinion of the highest court of another state than this is cited, in which it is announced, but this we cannot follow. It is the rule of this court on this subject, in regard to transactions between relatives of the nature and effect as to creditors of the party whose conveyance is attacked, of the one herein in question, that it devolves on the party who asserts and relies thereon to establish the *bona fides* of the transaction in all particulars and elements inclusive of the indebtedness. (*Bartlett v. Cheesebrough*, 23 Neb. 767; *Plummer v. Rummel*, 26 Neb. 147; *Carson v. Stevens*, 40 Neb. 112; *Fisher v. Herron*, 22 Neb. 185; *White v. Woodruff*, 25 Neb. 803; *Steinkraus v. Korth*, 44 Neb. 777.) The paragraphs of the instructions were not open to objections but stated the proper rule; hence the assignments of error as to them must be overruled.

It is contended that the trial court erred in instruction numbered 7, or in a portion of it which contained the statement, "In this case it appears from the evidence and admissions of the plaintiff in open court that the mortgage under which the plaintiff claims was of a much greater amount than that actually due plaintiff from the mortgagor;" that this was not warranted by the testimony on the subject of the indebtedness of the son to the mother. While it possibly might have been better

to have avoided a positive assertion, such as the court made, yet it embodied the only reasonable conclusion which could be drawn from the entire evidence in regard to the matter of which the statement was made, and that it was so stated we cannot believe was prejudicial to the rights of the complainant.

Paragraph 6 of the charge to the jury was pertinent and applicable to the issues in view of the evidence adduced, and when read and construed in connection with the other instructions.

Of instruction numbered 8 it is complained that it was improper, in that it informed the jury that there was testimony which tended to show a certain designated fact. There was testimony of the nature and effect indicated by the statement, and there was no error in the use of the language employed in the connection in which it was used by the court.

Instruction numbered 11, of which complaint is made, was proper in view of all the testimony on the subject to which it related—the authority of the party therein named to act for the plaintiff in error in the transaction involved in this litigation.

It is contended that instruction 13 was erroneous. This instruction was one in relation to the form and substance of the verdict for defendant. It is also urged that the verdict was not in conformity to the requirements of the law. The verdict was as follows: "We, the jury, duly impaneled and sworn in the above entitled cause, do find that the right of property and right of possession of the property in controversy herein, at the time of the commencement of this action, was in the defendant, and we assess the present value of the defendant's interest in said property at the sum of $586.15. We also assess the damages sustained by said defendant by reason of the wrongful detention of said property at the sum of one cent." Whether paragraph 13 of the instructions was in all its statements and directions technically correct, we need not decide. It submitted to the jury the

question of the value of the property in controversy. It is true it told the jury to determine the present value, and it is insisted it should have been the value at the commencement of this action; but, if an error, this could not have prejudiced the rights of plaintiff in error, as it was established and undisputed that the value was considerably less at the time of the trial than at the commencement of the action; and, if the jury was influenced to any extent by this portion of the instruction, it must have resulted favorably to plaintiff in error. The jury returned a verdict in which the right of possession was determined in the defendant, and fixed the value of his interest at a stated sum which it is not contended was, and was not, in fact, in excess of the value of defendant's interest in the property. The verdict was in form and substance sufficient. (*Connelly v. Edgerton*, 22 Neb. 82; *Earle v. Burch*, 21 Neb. 711.) The value of defendant's interest as fixed by the jury did not exceed what that body was sustained, by the evidence, in finding was the value of the property.

It is also argued that the verdict was not supported by sufficient evidence. We do not deem it necessary to enter upon a discussion of the evidence in detail herein. We have examined it and must conclude that while a contrary verdict might not have been disturbed as without support in the evidence, there was sufficient thereof to sustain the one rendered, and it will be allowed to stand. The judgment of the district court is

AFFIRMED.