J. H. WIGGINS, *as Constable*, v. MOLLIE E. FOSTER.

**No. 337.**

1. EVIDENCE—*Husband and Wife—Agency.* Husband and wife may testify for or against each other concerning transactions in which one acted as the agent of the other.

2. ——— *Declarations in Disparagement of Title.* Declarations of a person made while in possession of personal property in disparagement of his title or explanatory of the character of his possession are admissible as part of the *res gestæ.*

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed December 21, 1898.   Affirmed.

*Clogston & Fuller*, for plaintiff in error.

*R. P. Kelley*, and *W. S. Marlin*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. :  This action was commenced in the district court of Greenwood county by the defendant in error to recover the value of certain hogs levied on by the plaintiff in error as constable, by virtue of an execution issued on a judgment against E. H. Foster, the husband of defendant in error, Mollie E. Foster.

The question in controversy was, whether the wife or the husband was the owner of the property.   It is contended that the court erred in permitting the husband of the plaintiff to testify in behalf of his wife in a suit in which he was not a party.   It appears from the record that the husband was acting as agent of the wife.   As to all matters covered by the agency established between the husband and the wife, he was a competent witness.   (Gen. Stat. 1897, ch. 95, § 334 ; Gen. Stat. 1889, ¶ 4418.)

It is further contended that the trial court erred in admitting in evidence certain declarations relating to the ownership of the hogs made by the husband while the hogs were in his possession. The record in this case is sufficient to bring the testimony complained of within the rule, that the declarations of a person while in possession of personal property in disparagement of his title or explanatory of the character of his possession are admissible as part of the *res gestæ*. (*Cunningham v. Fuller*, 35 Neb. 58, 52 N. W. 836; *Durham v. Shannon*, 116 Ind. 403, 19 N. E. 190.)

There is no error in the record sufficient to justify a reversal of the case. The judgment of the district court is affirmed.