B. F. GENTRY, TRUSTEE, APPELLEE, V. HARLAN BURGE ET AL., APPELLANTS.

FILED JULY 12, 1935. No. 29005.

494

*Olsen & Olsen,* for appellants.

*William H. Heiss, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

This is an action brought by B. F. Gentry, who is trustee in the matter of Harlan Burge, bankrupt, against Harlan Burge, the bankrupt, Gertrude Burge, his wife, Cleo Burge, his son, Gladys Burge, his son's wife, and Burge Cash Grocery and Produce Company, a corporation, the object and purpose of which is to set aside transfers of real estate and other property by Harlan Burge to his wife, his son, and the defendant corporation, claimed to have been made in fraud of creditors of the said Harlan Burge.

After a lengthy trial and the introduction of much evidence, the court found in favor of the plaintiff in the fol-

lowing particulars: That lot 2, block 6, original town of Gering; an undivided interest (apparently an undivided one-third interest) in lot 3, block 6, original town of Gering; all of lots 10, 11 and 12, block 4, original town of Gering; and an undivided one-third interest in a part of the northwest quarter of section 2, township 21 north, range 55 west of the 6th P. M., which lands are, in the decree, described particularly by metes and bounds, was the property, in fact, of Harlan Burge, and that Gertrude Burge held the title to the same only as trustee for the said Harlan Burge;

That the plaintiff recover from Gertrude Burge the sum of $1,450, with interest at 7 per cent. per annum from March 23, 1922, this being the proceeds of a note which she had collected and which the court found was in fact the property of Harlan Burge, but which was taken in the name of Gertrude Burge for the purpose of defrauding creditors, and which is referred to as the Matthews note;

That Gertrude Burge deliver to the plaintiff 59 shares of stock in the Burge Cash Grocery and Produce Company, or in lieu thereof that she pay the value of such stock as of February 17, 1925, with interest at 7 per cent. per annum from February 17, 1925, for the reason that she was not the true owner, but only trustee for Harlan Burge;

That the plaintiff have and recover from Cleo Burge and Gladys Burge, his wife, a one-half interest in the Burge Cash Grocery and Produce Company, *"and such property as may have been placed of record in their names since the commencement of this action."*

The creditor's claim which is the basis of this action was that of one Arthur P. Bressler on account of a deficiency judgment rendered on October 10, 1929, for $5,025.-62, with interest at 10 per cent. per annum from the date of the rendition of judgment. This claim is not disputed by the defendants.

From the decree, the substantial particulars of which have been set out, the defendants have appealed and are seeking a reversal on all points of the decision.

The appellants rely for a reversal on five separate assignments of error. The second, third and fifth must stand or fall with the first and fourth.

On the hearing before the referee in bankruptcy, the defendant Harlan Burge testified at length with reference to business transactions covering a long period of years, and particularly with reference to the properties and business transactions concerning which proper and exhaustive inquiry was made on the trial of the issues in this case. As the first step in the introduction of evidence in this case, the plaintiff offered in evidence exhibit 1, being a transcript of the evidence given by Harlan Burge before the referee in bankruptcy. The defendants objected to the introduction of the exhibit on the ground that it was incompetent, irrelevant and immaterial. No separate objection was made by the defendants. The objection was overruled. No other objection was made to parts or portions of the exhibit. The offer, the objection and the ruling appear on page 6 of the bill of exceptions. An examination of the testimony contained in the exhibit is replete with statements which were in the nature of admissions against interest which were pertinent to this inquiry and therefore admissible without question as to the defendant Harlan Burge.

It is a well-settled rule that admissions of a party against interest made in court or out of court, with reference to and pertinent to the issues being tried, are admissible in evidence against such party. *German Nat. Bank v. Leonard,* 40 Neb. 676; *Lowe v. Vaughan,* 48 Neb. 651; *Carlson & Hanson v. Holm,* 2 Neb. (Unof.) 38; *Young v. Kinney,* 79 Neb. 421. There are many other authorities to the same effect. There was no error, therefore, in the admission of exhibit 1 as against the defendant Harlan Burge.

We then must inquire as to whether or not the admission of the exhibit was proper as against the other defendants. It is undisputed that Gertrude Burge was the wife of Harlan Burge, Cleo Burge his son, and Gladys Burge

his daughter-in-law. If the theory of the plaintiff has been sustained, or, more properly, if the theory of the plaintiff has not been overcome by the evidence of the defendants, the other defendants became the objects of the bounty of Harlan Burge in a manner fraudulently prejudicial to the plaintiff.

To outline the various transactions involved in this case would drag this opinion out almost interminably and would serve no good purpose. The evidence, however, in brief, discloses a large number of transactions in many places over a long period of years. It has been the purpose of the plaintiff to establish that the original source of the funds which went into the properties described in the decree was Harlan Burge, and along the line, when he saw insolvency facing him, he made transfers to his wife and son without consideration, so that when the "crash" came and creditors sought to make recovery his property would be out of reach. It therefore became necessary to examine into all of the transactions.

The law is well settled in this state that, in an action to set aside transfers of property where it is claimed that such transfers were made to members of one's own family for the purpose of defrauding creditors, the burden is on the transferees to show that such transfers were not fraudulent. *Christensen v. Smith*, 123 Neb. 388; *Buckner v. McHugh*, 123 Neb. 396; *Clermont Cravat Co. v. Eckhard*, 122 Neb. 416; *Heffley v. Hunger*, 54 Neb. 776; *Bartlett v. Cheesbrough*, 23 Neb. 767.

In the light of the record in this case, it is clearly shown that, with regard to all of the transactions which were involved, there existed both a joint interest and a privity of design as between Harlan Burge and the other defendants. In this light we must then conclude that this evidence taken before the referee in bankruptcy, being in the nature of admissions against interest by the grantor and transferor to the grantees and transferees, was admissible as against all defendants.

The general rule is that the admissions of a party are

admissible in evidence against him, but will not affect others unless a joint interest or privity of design between them is shown to exist. *Dawson v. Hall*, 2 Mich. 390; *Cunningham v. Fuller*, 35 Neb. 58. These authorities contain the rule of law which we think should apply to this situation. This conclusion disposes of error number one.

Under the fourth assignment of error it is contended that the judgment is contrary to the evidence. The evidence on the important point in controversy is irreconcilable and very conflicting. The conflict, however, in the main has not been as to witnesses produced by plaintiff as against witnesses by the defendants. The great conflict is furnished by the testimony of the defendant Harlan Burge, given before the referee in bankruptcy and the testimony of the same defendant and the other defendants given orally in this case. The trial judge had before him all the evidence and all the witnesses and had the opportunity to make observations and draw conclusions denied of necessity and of course to this court. In that light he had to weigh all the evidence and decide in accordance with what appeared to carry the greater weight, or, as in this case, to decide in favor of plaintiff unless it appeared that the evidence preponderated in favor of the defendants. We cannot, from an examination of the record, say that he erred. This is a trial *de novo* in this court, and "While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of evidence, where there is an irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying." *Johnson v. Erickson*, 110 Neb. 511. See *Yardum v. Evans*, 120 Neb. 699. An examination of the record, therefore, leads to the conclusion that, except as to some minor aspects, the decree is right and should be affirmed. In that portion of the decree where it recites "an undivided interest in lot 3, block 6, original town of Gering," the

wording should be corrected to read "an undivided one-third interest in lot 3, block 6, original town of Gering." The language, "and such property as may have been placed of record in their names since the commencement of this action," appearing in paragraph "D" of the decree, should be eliminated and deleted, since it is apparent that this language would attach the decree to any property procured by the named parties coming from any source and it has no direct application to any particular property or the proceeds from any property involved in this litigation.

It is therefore the opinion of this court and it is ordered that the decree be amended and corrected as indicated herein and that as amended and corrected the decision of the district court be and is

AFFIRMED AS MODIFIED.