RUTH ANN THOREN, APPELLEE, v. JOHANNA E. MYERS ET AL., APPELLANTS.

37 N. W. 2d 725

Filed June 3, 1949. No. 32627.

454

W. H. Wright, Fraser, Connolly, Crofoot & Wenstrand, John R. Dudgeon, and Chambers, Holland & Groth, for appellants.

Stewart & Stewart and Smith & Lebens, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff commenced this action against the defendants to recover damages for injuries sustained in an automobile accident alleged to have resulted because of the negligence of the defendant David Myers. The jury returned a verdict for the plaintiff in the amount of $18,000. From the judgment entered on the verdict the defendants appeal.

The accident occurred on September 8, 1947, at about 8:15 p. m. The plaintiff was riding in the front seat of her husband's car, while he was driving east on U. S. Highway No. 34 about one mile north of Avoca, Nebraska. Plaintiff's husband, Francis Thoren, who will hereafter be referred to as Thoren, testified that he was proceeding at a speed estimated at 35 miles an hour. At the intersection where the accident occurred his car was struck by the automobile driven by the defendant David Myers, which entered the intersection from the south. The Thoren car was turned completely around by the impact, plaintiff was thrown from the car and

she was found under it in a bent-over position, severely injured.

The evidence shows that the car which struck the Thoren automobile was driven by the defendant David Myers, who was accompanied by his younger brother and three other teen-age boys. He admits that he went onto U. S. Highway No. 34 without stopping, and hit the car occupied by plaintiff. His evidence in general is that as he approached the highway his view was obstructed until he came over the crest of a knoll about 193 feet south of the intersection, that he did not know the highway was nearby, that he applied his brakes immediately, but because of the deep gravel on the road he could not stop, and skidded onto the highway and struck the Thoren car while traveling at a speed estimated at 15 miles an hour. He testified that the stop sign was poorly located so that he did not see it in time to stop. He testified that he did not drive over 40 miles an hour at any time and claims that the accident was unavoidable and the result of a sudden emergency.

The evidence shows that U. S. Highway No. 34 is a paved highway, the pavement being 22 feet in width. Thoren was driving on the south side of the pavement on his right-hand side. The headlights on his car were burning. His car was struck near the rear door and fender and it came to rest on the north shoulder of the highway, about 75 feet east of the point of impact. Thoren testified that he never saw the Myers car until just before the collision. The Myers car was traveling on a graveled road. The gravel was loose and heavy as one approached U. S. Highway No. 34 from the south. There was a knoll 193 feet south of the highway. The evidence shows that the crest of the knoll was 2 feet higher than the pavement on U. S. Highway No. 34. David Myers testified that he did not see the Thoren car, that he was unfamiliar with the location of the road at the time, that he applied his brakes immediately,

that he skidded onto the pavement, and that the resulting accident was unavoidable.

The foregoing constitutes a brief statement of the conditions existing and the actions of the parties at and immediately prior to the accident.

The defendant Johanna Myers, the owner of the automobile driven by David Myers, contends that she is not liable for any of the damages resulting from the accident under the family purpose doctrine, and that her motion for a directed verdict should have been sustained for that reason. In this respect the evidence shows that Johanna Myers was a widow. She lived in Weeping Water, Nebraska, with her two sons, David and Harold, ages 19 and 16, respectively. The automobile was owned by Mrs. Myers and it was licensed in her name. She had a driver's license and drove the car herself. The evidence is that she permitted David to drive the car when accompanied by her. There is evidence that both sons assisted with the driving when the three of them made a vacation trip to California in the summer of 1947. The evidence also shows that on a few occasions Mrs. Myers permitted David to drive the car for purposes of his own. She says that David took the car by himself two or three times, and only after obtaining her permission. David testified that he used the car alone four or five times. He drove the car mostly when his mother was with him.

We think the use of the car by David, under the circumstances here shown, brings it within the purview of the family purpose doctrine. The family consisted of Mrs. Myers and her two sons, David and Harold. The fact that Mrs. Myers exercised control of the car and required David to obtain her permission before he could use it is not a controlling factor. It is the usual practice for the owner as the head of the family to prescribe the conditions under which an automobile may be used. Clearly, when an automobile is used in accordance with such conditions with the express permis-

sion of the owner, as here, it is within the family purpose doctrine, even though the automobile is used for the purposes of the son.

The rule is: "The owner of an automobile kept for family purposes is liable for injuries inflicted upon a stranger as a result of the negligent driving of one of his children, where the car is occupied by members of the family and is being used for one of the purposes for which it is kept." Stevens v. Luther, 105 Neb. 184, 180 N. W. 87.

That the use of the automobile at the time of the accident, in the case before us, was for a family purpose is sustained by our holding in Linch v. Dobson, 108 Neb. 632, 188 N. W. 227, wherein we said: "Where the car is kept for the use and pleasure of the family, and one member of the family is using it for his individual pleasure, or for one of the family purposes for which it is kept, it comes strictly within the reason of the rule that, in such case, the member of the family is acting as the agent, in furthering the purposes of the owner, as truly as though other members of the family were in the car with him, and that the owner can be held responsible for damages resulting from the negligent operation of the car while so used." See, also, Hogg v. MacDonald, 128 Neb. 6, 257 N. W. 274.

In the instant case the controlling facts were not in dispute. They showed that, as a matter of law, the owner was liable for any negligence of her son David while he was using the car. Under such circumstances, the trial court properly instructed the jury that the family purpose doctrine applied as a matter of law.

The defendants assert that the trial court erred in refusing to permit the filing of an amendment to defendants' answer during the course of the trial. The petition charged that the accident was due to the negligence of David Myers. The answer was, in effect, a general denial. On the second day of the trial, after plaintiff had adduced evidence in support of the allega-

tions of her petition, but prior to the time she rested her case, defendants requested leave to amend their answer by adding a paragraph thereto alleging that the accident was proximately caused by the negligence of Francis Thoren, the husband of the plaintiff. The trial court denied the request. We find no error in this ruling. Nowhere is it charged that the plaintiff was guilty of any negligence, imputed or otherwise. It is the rule that a defendant may show, under a general denial, that the accident was proximately caused by a third person. In 41 Am. Jur., § 366, p. 541, it is said: "A general denial puts in issue every material allegation of the complaint, except those admitted. It goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his case. Any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial, including facts independent of those averred in the complaint, of an affirmative character, but which have a negative effect upon the issues." In 45 C. J., § 730, p. 1141, the rule is stated as follows: "Defendant may also show under the general issue that the injury was caused by the negligence of a third person for whom he was not responsible, such as by an independent contractor; and this rule applies, although other reasons for the accident are set up in the answer, * * *." It is clear, therefore, that the proposed amendment could serve no useful purpose. The allegations therein contained could be properly proved under the general denial. Defendants assert that the proposed amendment was requested because of the testimony of plaintiff's husband. Consequently, the evidence was already admitted upon which the amendment was based. The jury had a full opportunity to consider it in determining whether or not the negligence of David Myers was the proximate cause of the accident. The amendment would have been surplusage under the issues as

made, and the trial court correctly denied the application to amend.

The defendants claim that the trial court erred in permitting plaintiff to read portions of the depositions of Johanna and David Myers in evidence when they were present in the courtroom and able to testify. The excerpts from the depositions were offered as admissions against interest. An examination of the portions of the depositions offered by the plaintiff shows them to be admissions against interest which were pertinent to the issues being tried. The rule is stated in Gentry v. Burge, 129 Neb. 493, 261 N. W. 854, and cases therein cited, as follows: "It is a well-settled rule that admissions of a party against interest made in court or out of court, with reference to and pertinent to the issues being tried, are admissible in evidence against such party." See, also, Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744; Falkinburg v. Inter-State Business Men's Accident Co., 132 Neb. 670, 272 N. W. 924.

The record shows that objection was made to a statement of defendants' counsel during the course of his argument to the jury. The court ruled on the objection and admonished the jury with reference to the matter. Defendants' counsel stated immediately thereafter: "Yes, your Honor, that is right." It is evident that defendants' counsel acquiesced in rather than objected to this ruling. Counsel may not acquiesce in a ruling of the court and assert error in case of an unfavorable verdict. One may not be permitted to acquiesce in a ruling and gamble on a favorable verdict, and when the verdict is adverse, to obtain a new trial and a second chance before another jury. See Golder v. Lund, 50 Neb. 867, 70 N. W. 379.

It is contended that the evidence does not support the finding of the jury that the negligence of David Myers was the proximate cause of the accident. In considering this point, the evidence of the plaintiff will be considered in the light most favorable to her. Every

controverted fact must be resolved in her favor and she should have the benefit of every inference that can reasonably be deduced therefrom. Smith v. Platte Valley Public Power and Irrigation District, *ante* p. 49, 36 N. W. 2d 478.

The evidence shows that plaintiff, her husband, and two children were driving east at approximately 35 miles an hour on their right-hand side of the road. The road upon which they were driving was a favored arterial highway protected by stop signs. The driver of the car in which plaintiff was riding had a right to assume, until he was put upon notice, that the favored character of the highway would be respected. The defendant David Myers knew that U. S. Highway No. 34 was a favored highway protected by stop signs. He knew as he traveled north just before the accident that this highway was somewhere in the neighborhood, although he did not know exactly where it was. He approached the crest of the knoll at 40 miles an hour or less. He saw the highway and recognized it as U. S. Highway No. 34 as he came over the crest. He says he applied his brakes 180 feet from U. S. Highway No. 34. He did not see the stop sign located 60 feet south of U. S. Highway No. 34 until close to it, because of its claimed poor location. But he already knew that he was required to stop before entering upon U. S. Highway No. 34. The stop sign, under such circumstances, even if more effectively located, could have given him no information other than he already possessed. There is evidence of expert witnesses that the automobile could have been stopped in less than 180 feet. He failed to see the Thoren car, although its headlights were burning. He failed to drive at such a speed that he could stop within the range of his vision. Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885. He failed to stop before entering the intersection. Ritter v. Hering, 135 Neb. 1, 280 N. W. 231. These facts, together with all the other circumstances surrounding the accident,

make a case for a jury to decide. It is clearly sufficient to sustain a finding that the negligence of David Myers was the proximate cause of the accident.

Defendants contend that the judgment was excessive. The evidence shows that plaintiff, after the accident, was under the automobile in a doubled-up position, the weight of the car pressing down upon her back. As a result thereof plaintiff suffered the fracture of three vertebrae. An operation was required to fuse the fractured vertebrae which, though successful, resulted in a 40 percent permanent disability to the back. Plaintiff was kept in a body cast for approximately five months and was required to use a body brace for an additional five months. She has a permanent deformity of the back which will predispose to strain at the lumbosacral region and at the site of the vertebral fractures. Plaintiff has suffered injury to her left leg which causes pain and swelling, due to injury to the spinal cord. The fractured vertebrae resulted in injury to the nerves controlling the bowels and bladder. She submitted to two operations to correct this condition, which were described as surgically successful, but functionally unsuccessful insofar as the bladder was concerned. She has an incontinence of urine that is permanent, accompanied by all the discomfort and embarrassment which naturally follows. Plaintiff is unable to perform the work she formerly performed, even her usual household duties. She was 21 years of age at the time of the accident and has a life expectancy in excess of 40 years.

"In an action sounding in damages merely where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and with their verdict the courts are reluctant to interfere." Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236.

"A verdict may be set aside as excessive by the trial court or on appeal only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice,

mistake, or some means not apparent in the record, or it is clear that the jury disregarded the evidence or rules of law." Horky v. Schroll, 148 Neb. 96, 26 N. W. 2d 396.

The plaintiff was a young woman in good health before the accident. She has a permanent disability of the back to the extent of 40 percent. She has suffered other injuries which will be a source of discomfort and embarrassment for the rest of her life. She has endured pain and suffering, including operations and the discomforts of casts and braces over a long period of time. No yardstick exists for determining an accurate measurement of her damage. The jury is assigned the duty of fixing the amount of damages in such cases under our system. Its judgment in such a case is to be sustained unless it is so exorbitant as to indicate passion, prejudice, mistake, or a complete disregard of the evidence and the law. We find no evidence in the present case which indicates that the jury did not fairly, honestly, and dispassionately assess the amount of the damages. The evidence is sufficient to sustain the amount found to be due and it is not within the province of this court, under such circumstances, to interfere therewith.

Complaint is made of the conduct of a juror in talking with plaintiff's husband in the main corridor of the courthouse. The evidence of both parties to the incident is to the effect that the conversation had was spontaneous and casual, and had no connection whatever with the case being tried. There was no abuse of discretion by the trial court in denying a new trial on the basis of this alleged misconduct.

Error is also predicated on an incident arising in the office of the clerk of the district court. It appears that a juror was seen in this office at a time when one of plaintiff's counsel was also present. The juror casually examined the top page of a sheaf of papers marked "PLAINTIFF'S REQUEST FOR INSTRUCTIONS." Plaintiff's counsel immediately took possession of them and left the office. There is no evidence that any preju-

dice resulted from this incident. No basis exists for interfering with the ruling of the trial court on this matter.

Other errors have been assigned. We have examined all of them and find no merit in any of them. The judgment is therefore affirmed.

AFFIRMED.

YEAGER, J., not participating.