ITT Commercial Finance, doing business as Tracker Marine Corporation, appellee, v. MT-KAT Distributing, Inc., a Nebraska corporation, appellee, and Milburn M. Sartin, Jr., and Judith M. Sartin, appellants.

519 N.W.2d 555

Filed July 29, 1994.   No. S-93-008.

Steven J. Olson and Brian J. Siebken, of Liakos & Olson, for appellants.

Edith T. Peebles, of Zweiback, Hotz & Lamberty, P.C., for appellee ITT Commercial Finance.

Hastings, C.J., Boslaugh, White, Caporale, Fahrnbruch, Lanphier, and Wright, JJ.

Hastings, C.J.

Milburn M. Sartin, Jr., and Judith M. Sartin (Sartins) appeal from a deficiency judgment rendered against them in favor of ITT Commercial Finance (ITT), doing business as Tracker Marine Corporation, on a guaranty agreement executed in connection with a loan to MT-KAT Distributing, Inc. (MT-KAT), a Nebraska corporation.

The Sartins' assignments of error combine to allege that the trial court erred in granting a deficiency judgment because of failure on the part of ITT to give proper notice of sales in accordance with Neb. U.C.C. § 9-504 (Reissue 1980) and in awarding prejudgment interest. One specific assignment of error contends that certain admissions made by the Sartins in telephone calls were improperly admitted because they were part of an offer to compromise. It is not necessary for us to deal with that assignment of error because there is other competent evidence to prove ITT's compliance with the notice rule. This case has been transferred to the docket of the Supreme Court under our authority to regulate the caseloads of the appellate

courts. We affirm.

MT-KAT was a corporation of which the Sartins were the stockholders and officers. At the request of the Sartins, two loans were made by ITT to MT-KAT in February and March 1989. MT-KAT executed and delivered to ITT an "Agreement for Wholesale Financing." As further consideration for the loans to the corporation, the Sartins executed on March 7 and delivered to ITT a written guaranty agreement guarantying the payment of all accounts of MT-KAT. The agreement was in the customary form.

Eventually, MT-KAT failed to pay its accounts, and ITT demanded that its inventory be surrendered and the accounts paid. On or about October 8, 1990, after ITT had instituted an action for replevin, MT-KAT surrendered to ITT all collateral securing its accounts.

ITT returned the inventory received from MT-KAT to the various manufacturers for credit. The record contains three separate documents entitled "Notice of Private Sale and Right to Redeem Collateral" dated October 16, 1990. Attached to these notices are return receipts for certified mail signed by the Sartins. The notices were in proper form. However, ITT failed to call anyone as a witness who was able to provide the proper foundation to testify that the notices were mailed in accordance with law.

ITT then offered portions of pretrial depositions of both Sartins which were received in evidence over their objection. In those depositions, each acknowledged that the notices found in the record were received by them. That evidence by itself, if admissible, is sufficient to show compliance with the notice section of § 9-504.

The Sartins claim their depositions were received in evidence contrary to Neb. Ct. R. of Discovery 32 (rev. 1992). Unfortunately for them, they cite a portion of the rule not applicable to this situation and fail to mention the critical rule.

Cited to us is subsection (3) of rule 32, which provides that the "deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds" generally that the witness is absent or unavailable for trial. We, the Sartins seem to say, were present throughout the trial and could

have been called, therefore you cannot use our depositions.

Having skipped over subsection (2) of the rule, the Sartins failed to recognize that "[t]he deposition of a party . . . may be used by an adverse party for any purpose." This simply codifies the well-settled rule that the prior in- or out-of-court *admissions* made by a party to the pending litigation may be used against that party. *Thoren v. Myers*, 151 Neb. 453, 37 N.W.2d 725 (1949). The deposition testimony was properly received, and there is no merit to the claim of error.

The Sartins conceded that, after allowing for all credits for returned merchandise and the net proceeds of the sale of collateral, there remained a deficiency of $29,565.60. However, they object to the additional item of $5,471 for interest and finance costs as amounting to prejudgment interest on an unliquidated disputed claim. This is not at all correct.

The "Agreement for Wholesale Financing," exhibit 3, received without objection, provides that "[d]uring each year or part of a year in which you [ITT] have extended credit to us, we [MT-KAT] will pay you finance charges on the total amount of credit extended to us in the amount agreed to between us from time to time." Exhibit 11, which was also received without objection, is the statement rendered to MT-KAT by ITT for the period ending September 30, 1990. Robert Kyle, branch manager for ITT, Tracker Marine Branch, testified as to how the charges were calculated on average daily balances and from exhibit 11 was able to compute interest and finance charges of $2,941.06 on the Mariah account, and $2,529.94 on the Tracker Marine account, for a total of $5,471. It is abundantly clear that this is contracted interest to which the creditor is entitled to recover and in no way may be considered prejudgment interest.

The judgment of the district court is correct and is affirmed.

AFFIRMED.