## OWINGS *v.* JONES ET AL.

[No. 18,657.   Filed June 28, 1898.]

DECEDENTS' ESTATES.—*Action by Heirs.—Witnesses.—Competency.— Evidence.*—The term party, as employed in section 507, Burns' R. S. 1894, concerning the competency of witnesses in suits by heirs to obtain title or possession of property, means not merely a party to the record, but a party to the issue, and to render such party incompetent as a witness it must appear that he has an interest in. the result of the suit in common with the party calling him as a witness.

From the Blackford Circuit Court.   *Reversed.*

*William H. Carroll* and *Griffith D. Dean*, for appellant.

*H. J. Paulus*, for appellees.

JORDAN, J.—Appellees, Malinda Jones, Jane Case, and Mary A Heinlein, instituted this action in the Grant Circuit Court against appellant and a number of other defendants, for the purpose of securing partition of the real estate described in the complaint among the plaintiffs and defendants, and to quiet title to the said realty against the defendant (now appellant) Thomas B. Owings. The venue of the case appears to have been changed to the Blackford Circuit Court, wherein a trial resulted in the finding that the plaintiffs and defendants were the heirs of a common ancestor, and entitled to partition of the lands as such heirs; that their title be quieted as against the defendant Thomas B. Owings, and, over the motion of the latter for a new trial, a judgment was rendered declaring the deeds herein involved void, and partition was awarded accordingly, and the title of the plaintiffs and defendants as to the shares assigned to each of them was quieted as against the title claimed by appellant under his deeds, and it was further adjudged that he pay the cost of the action.

The complaint, among other things, alleges that the plaintiffs and defendants are brothers and sisters, nephews and nieces, and the only heirs of Sarah R. Smith, who died intestate at Grant county, Indiana, on July 10, 1895, the owner in fee simple of the real estate therein described, and that the plaintiffs and defendants hold the same, undivided, as tenants in common by inheritance, as the heirs of the said Sarah R. Smith, and the share to which each party is respectively entitled is stated. The complaint also avers that the said ancestor, prior to her death, had signed and acknowledged deeds purporting to convey the real

estate described in the complaint to the defendant, Thomas B. Owings, but it was alleged that these deeds were not delivered to him, nor to any other person for his use by the grantor, Sarah R. Smith, but at all times were retained by her in her exclusive possession and under her control until her death; and that thereafter said Thomas B., without right, obtained possession of the deeds and caused them to be placed upon the public records, and that under and by virtue of such deeds of conveyance, he is claiming and asserting an absolute title to all of the land in fee simple, etc. It is averred that these deeds are void, for the reason that they were never delivered to the defendant, nor to anyone for his use, but that they serve to cast a cloud upon the title of the plaintiffs and each of the other defendants; and the prayer is that they be declared null and void, and that the title of the parties to the land be quieted as against the claim of the defendant, Thomas B. Owings, etc.

William Owings, one of the defendants, filed what he denominated his separate answer to the complaint, wherein he alleged that he was an heir of Sarah R. Smith, as stated in the complaint, and that prior to her death she executed warranty deeds of conveyance to his codefendant, Thomas B. Owings, conveying the real estate described in the complaint, and delivered the same to him, William Owings, with directions to deliver said deeds to Thomas B. Owings as soon as he had an opportunity; that he took the deeds into his possession and so retained them until he delivered them to said Thomas B., which he did at the first opportunity; and he further alleged that under such deeds Thomas B. was the owner of the real estate in question, and in his answer he demanded judgment for cost. The defendants, other than Thomas B. and William Owings are not shown by the record

Owings *v.* Jones *et al.*

to have filed any pleadings in the action.   The record recites that the cause, being at issue, is submitted to the court, and at the request of the defendant, Thomas B. Owings, the court made a special finding of facts.

The disputed question at the trial, under the issues, and the only one, related to the delivery of the deeds. The plaintiffs, to maintain this issue tendered by them under their complaint, introduced evidence to show that the deeds from Mrs. Smith through which appellant claims title to all the real estate involved, had not been delivered by the said grantor during her life, but had been retained by her, under her control and in her possession, until her death; while on the part of the appellant the claim was that the deeds had been signed and acknowledged by her a short time prior to her death, and by her delivered to her brother William Owings, with directions to deliver them to appellant (who is also a brother) at the first opportunity, and appellant introduced evidence tending to support his claim in respect to the delivery of the deeds.   During the trial, at the proper time, he called his said codefendant William Owings as a witness, and proposed to prove by him that Sarah R. Smith, the ancestor, a short time previous to her death, delivered the deeds in suit to this witness, and directed him to deliver them to the appellant at the first opportunity he had of seeing the latter; that the witness took the deeds in his custody and so kept them until July 12, 1895, two days after the death of Sarah R. Smith, when he took them from a drawer of a bureau belonging to him, and, in compliance with the directions of Mrs. Smith, did on that day deliver them to appellant, that being the first time he had seen the appellant, and the first opportunity which he had of delivering the deeds to him. The court, upon the objections of appellees, ex-

cluded this evidence, for the reason, as urged, that the witness being a party to the suit was not competent, under the circumstances, to testify to any matter which occurred prior to the death of the ancestor. The ruling of the court upon this question was assigned as one of the reasons for a new trial, and it is here urged as reversible error.

Section 507, Burns' R. S. 1894 (499 R. S. 1881) provides: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." Section 510, Burns' R. S. 1894 (502, R. S. 1881) gives the right to any party to such suit to call and examine as a witness any adverse party. It has been repeatedly held by this court, in placing an interpretation upon the statute in question, that the term "party," as therein employed, means not merely a party to the record, but a party to the issue. If only a party to the record, in order to render him incompetent, it must further appear that he has an interest in the result of the suit in common with the party calling him as a witness. *Spencer* v. *Robbins*, 106 Ind. 580, and cases there cited; *Walker* v. *Steele*, 121 Ind. 436.

It is insisted by appellant's counsel that the witness, by the answer which he had filed in the action, virtually disclaimed all interest in the lands in controversy as an heir of Mrs. Smith, and recognized the validity of appellant's title under the deeds in question, and therefore, under the decision in the case of *Spencer* v. *Robbins, supra,* he was a competent witness. But, without considering this feature of the case, it is evident that appellant, by virtue of section 510 of the

statute cited, had the right to call and examine this witness relative to the facts which he proposed to prove by him. There can be no question as to his right to have called and examined any or all of the plaintiffs, relative to matters occurring during the lifetime of the ancestor, which were germane to the issue involved. William Owings, the witness called by appellant, was an heir of the common ancestor, and the claim or interest which he asserted, or could have asserted, at least, in the real estate involved in the suit, rendered him as much of an opposite or adverse party to appellant, in a legal sense, as were the plaintiffs, and the mere fact that he had been made a party defendant in the action would not, under the circumstances, render his interest in the result of the suit in any manner less adverse to appellant than the interests of the plaintiffs. If the action resulted in the deeds through which appellant claimed title being declared void, then the interest or title which William Owings claimed to hold in the real estate as an heir and tenant in common along with the plaintiffs would be sustained. The interest, therefore, of this witness, as a party, under the circumstances, in the result of the suit, certainly was in common with that of the plaintiffs, and not with that of the appellant who called him. To all intents and purposes he was, in respect to his interests in the land as an heir, an opposite or adverse party to the appellant. The court, therefore, under the provisions of section 510, *supra*, could not deny appellant's right to call and examine him as a witness in regard to the facts which were proposed to be proved by him. In addition to the cases heretofore cited upon this point, see *Howard* v. *Howard*, 69 Ind. 592; *Nye* v. *Lowry*, 82 Ind. 316; *Cupp* v. *Ayers*, 89 Ind. 60.

For the error of the court in refusing to permit ap-

pellant to call and examine the witness in question relative to the facts proposed to be proved by him, the judgment is reversed, and the case remanded to the lower court, with instructions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.