SLOAN, ADMINISTRATOR, v. SLOAN, ADMINISTRATRIX.

[No. 2,821. Filed December 22, 1898.]

WITNESSES.—*Competency.—Suit Between Two Estates.—Statute Construed.*—Section 506, Burns' R. S. 1894, providing that where one party to a transaction is dead, and his rights have passed to another who represents him as executor or administrator, the surviving party to the transaction shall not testify to matters which occurred during the lifetime of the decedent, does not apply in a suit between two estates.

SAME.—*Competency.—Decedent's Estate.—Statute Construed.*—The term "party" as used in section 506, Burns' R. S. 1894, means a party to the issue, and not merely a party to the record, and a person is not an incompetent witness under that section, unless he has some interest in the result of the suit in common with the party calling him.

From the Marion Circuit Court. *Reversed.*

*W. W. Spencer* and *E. P. Ferris,* for appellant.

*Flavius J. Van Vorhis,* for appellee.

ROBINSON, J.—William Sloan, appellant's decedent, died in 1895. William G. Sloan, a son, held a note against his father, which he filed against the estate. Appellant refused to allow the claim. Before the case was tried, William G. Sloan died, and appellee, as administratrix of his estate, prosecuted the claim. A trial by jury resulted in a verdict for appellee, and judgment was rendered accordingly. The only error

assigned is overruling appellant's motion for a new trial.

Oliver B. Sloan, administrator, is a son of William Sloan, deceased, and a brother of William G. Sloan, deceased. Hester I. Sloan, wife of Oliver B. Sloan, was called as a witness in behalf of appellant, and testified to certain statements and admissions made to her by William G. Sloan, some time in the spring of 1897. On motion, her evidence was struck out. It is not necessary to set out at length the testimony struck out, for the reason that the question presented is not so much the competency of her evidence as the competency of the witness herself.

The general rule in this State as declared by statute, section 504, Burns' R. S. 1894 (496, Horner's R. S. 1897), is that all persons, whether parties to or interested in the suit, are competent witnesses in a civil action. But to this general rule there are several exceptions. Among these exceptions, and so far as pertinent to this case, are the following: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life-time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate." Section 506, Burns' R. S. 1894 (498, Horner's R. S. 1897). "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the

ancestor." Section 507, Burns' R. S. 1894 (499, Horner's R. S. 1897). "When the husband or wife is a party, and not a competent witness in his or her own behalf, the other shall also be excluded." Section 509, Burns' R. S. 1894 (501, Horner's R. S. 1897).

Since the act of March 15, 1879, husband and wife are competent witnesses for and against each other in all cases except as to communications made to each other during marriage, and in an action by the husband for the seduction of the wife. So that, in the case at bar, if Oliver B. Sloan would be a competent witness, Hester I. Sloan would not be incompetent by reason of her marital relations. If this claim had been prosecuted by William G. Sloan in person, it is clear that, under the sections of the statute above set out, neither the witness nor her husband would be incompetent as a witness. They would not be incompetent by virtue of section 506 (498), *supra*, because they would not be necessary parties to the issue or record whose interest is adverse to the estate; nor would they be incompetent under section 507 (499), *supra*, because it would not be a suit by or against heirs, founded on a contract with the ancestor, to obtain title to or possession of property of or in right of such ancestor. It is equally clear that in that case William G. Sloan would have been an incompetent witness, under section 506 (498), *supra*, because he would be a necessary party, whose interest is adverse to such estate.

It is argued by counsel for appellee that, as there are two estates involved, section 506, *supra*, if properly construed, applies to one of them as much as to the other, and that, while the witness might be a competent witness for the estate of which her husband is administrator, she would not be a competent witness against the estate in favor of which the claim is being prosecuted. But the fact that the claim is prose-

cuted by the deceased claimant's administratrix does not make the witness incompetent. The statute, as we have seen, is an exception to the general rule, and, as such exception, it should be held to apply only to such cases as the wording of the statute manifestly intended. The true spirit of section 506, *supra,* is that when one party to a transaction is dead, and his rights have passed to another, who represents him, the surviving party to that transaction shall not testify to matters occurring during the lifetime of the decedent. Thus, it is said in *Durham* v. *Shannon,* 116 Ind. 403; "Generally speaking, three things must concur in order to exclude the testimony of the surviving adversely interested party: (1) The transaction, or the subject-matter thereof, must be in some way directly involved in the action or proceeding, and it must appear that one of the parties to the transaction, about to be proved, is dead. (2) The right of the deceased party must have passed, either by his own act or that of the law, to another, who represents him in the action or proceeding in the character of executor, administrator, or in some other manner in which he is authorized by law to bind the estate. (3) It must appear that the allowance to be made or the judgment to be rendered may either directly or indirectly affect the estate of the decedent."

The term "party"as used in section 506,*supra,*means a party to the issue, and not merely a party to the record. A person is not incompetent as a witness simply because he may be a party to the record, but it must appear that he has some interest in the result of the suit in common with the party calling him. If he has such interest, he is incompetent as a witness. *Upton* v. *Adams' Ex.,* 27 Ind. 432; *Spencer* v. *Robbins,* 106 Ind. 580. The reason for the rule embodied in that section of the statute has often been declared to be to prevent

inducements for fraud and perjury by permitting a party to make out his claim by his own testimony which cannot possibly be met by the testimony of the other party. *Sullivan* v. *Sullivan*, 6 Ind. App. 65; Henry's Probate Law, (2d ed.), section 483; *Nelson, Adm.*, v. *Masterson*, 2 Ind. App. 524; *Taylor* v. *Duesterberg*, 109 Ind. 165. But, when one estate is prosecuting a claim against another estate, they stand upon an equal footing so far as any undue advantage is concerned, and the above reason for the rule is gone. In the numerous cases in this State which have had under consideration this section of the statute, the fact that one of the parties to the transaction was dead, and the other living, has been recognized as the basis upon which the rule rests. Our attention has been called to no decision, and we know of none, in this State, where the competency of a witness under this section has been considered in a case where a claim was prosecuted by one estate against another. The statute, as we have said, is an exception to the general rule as to the competency of witnesses; and, unless the wording of the statute embraces an exception like that at bar, we cannot extend its application to such a case. We think it manifest from the wording of the statute itself, and from the language of the decision placing upon it a construction, that its provisions do not extend to a claim prosecuted by one estate against another. Sustaining the motion to strike out the testimony of Frank Sloan, a grandchild and heir of William Sloan, deceased, and excluding the testimony of Eliza M. Coffee, a daughter of William Sloan, deceased, present the same question as that presented above; and, for the same reasons they were not incompetent witnesses. The motion for a new trial should have been sustained. Judgment reversed.