## PAYNE, ADMINISTRATOR, *v.* LARTER.

[No. 6,119. Filed October 29, 1907.]

1. WITNESSES.—*Competency.*—In this State, all witnesses are competent, unless rendered incompetent by statute. p. 426.

2. SAME.—*Competency.*—*Claimant's Children.* — *Statutes.* — *Decedents' Estates.*—*Parties.*—To render a witness incompetent, under §506 Burns 1901, §498 R. S. 1881, providing that any necessary party to the issue or record in a case by or against a decedent's personal representatives, shall not be competent to testify adversely to the estate involved as to any matter occurring in decedent's lifetime, such party must be a necessary party to the issue as well as to the record, the children of a claimant against such estate being competent to testify as to such matters. p. 426.

3. SAME.—*Competency.*—*Interests Adverse to Estate.*—*What Are.* —The interest which is adverse to an estate, under §506 Burns 1901, §498 R. S. 1881, and which renders incompetent a witness who is a necessary party to the issue and record in a case against an administrator, where the judgment must be for or against the estate, must be certain and vested, and not remote; and the interest of a claimant's children may affect the weight, but not the competency, of their testimony. p. 426.

4. NEW TRIAL. — *Newly-Discovered Evidence.* — *Diligence.* — *How Shown.*—In an application for a new trial on the ground of newly-discovered evidence, the affidavit showing diligence must state the things done in ascertaining and securing the evidence for the trial, general allegations that affiant used diligence being insufficient. p. 427.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Leason Larter against Lucien E. Payne, as administrator of the estate of Hiram Taylor, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. N*. *Palmer* and *Boruff & Boruff*, for appellant.

*John R. East, James A. Zaring* and *Rufus H. East*, for appellee.

COMSTOCK, C. J.—Appellee recovered judgment for $506.25 on his claim filed in the court below for services alleged to have been rendered the deceased, Hiram Taylor, by said claimant and certain members of his family. The

amount demanded was $1,230, and the items, which were for boarding, washing for and nursing decedent, and for labor performed by claimant's minor children, extended over a series of years from 1898 to the death of said decedent, March 17, 1905.

Upon this appeal, appellant discusses only the action of the court in permitting appellee's minor children to testify in his behalf as to their services, and in refusing to grant appellant a new trial upon the ground of newly-discovered evidence.

1. In this State the general rule is that all persons are competent witnesses. Competency, notwithstanding interest, is the rule, and incompetency the exception. Section 506 Burns 1901, §498 R. S. 1881, makes an exception to this general rule. It provides that "suits or proceedings in which an executor or administrator is a party,

2. involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate." To render such witness incompetent, he must be a necessary party to the issue, as well as to the record. Scherer v. Ingerman (1887), 110 Ind. 428; Nicklaus v. Dahn (1878), 63 Ind. 87. See, also, Sloan v. Sloan (1898), 21 Ind. App. 315; Owings v. Jones (1898), 151 Ind. 30, and cases cited.

The witnesses whose competency was challenged were neither parties to the issue nor to the record.

3. The interest adverse to an estate, which, under the statutes, disqualifies a witness, must be certain and vested, and not remote. Connelly v. O'Connor (1889), 117 N. Y. 91, 22 N. E. 753; Nearpass v. Tilman (1887), 104 N. Y. 506, 10 N. E. 894; Whitman v. Foley (1891), 125 N. Y. 651, 26 N. E. 725. The interest of appellee's children was

such as affected the weight of their testimony, but not its competency.

The motion for a new trial for newly-discovered evidence is based upon the affidavits of the administrator of the estate and of Charles D. and Frank Farmer, respectively.

4.   The affidavits state that Charles D. and Frank Farmer are brothers; that Charles D. is forty-seven and Frank, fifty-one years of age; that they have known Hiram Taylor, deceased, for fifteen years; that during the years 1899-1902, inclusive, and up to March, 1903, said Taylor lived with, boarded with, nursed and took care of the father of said affiants all of the time, except the time taken to come to Bedford and act as janitor at a church, attend to his gardening and fruit, such work taking only a small portion of his time; that they did not disclose these facts because they did not know there was a claim against the estate of decedent, and that they are willing to testify to such facts.

The administrator makes oath that before the trial of this cause he made diligent inquiry and search for evidence to support and sustain the allegations of his various answers in said cause, and, to sustain and support the defense in said cause, affiant inquired of all persons that he had reason to believe had any knowledge of any facts of evidence that would sustain the defense in said cause; that he made diligent search and inquiry of all persons likely to know or have any knowledge of the facts, and personally interviewed said persons as to their knowledge of the facts and evidence in said cause; that after the trial, to wit, July 3, 1906, he learned for the first time that said Charles D. and Frank Farmer would testify to the facts set out in said affidavits. We need not determine whether the proposed new evidence is cumulative, or whether it would change the result. The affidavit of the administrator does not show diligence on his part to discover the evidence in time to use it on the trial. Diligence is not shown by general allegations of fact. "The facts constituting the pretended diligence must be set forth

with such particularity, definiteness, and clearness that the court may itself see on the face of the pleading that there was, in fact, proper diligence." *Bertram* v. *State, ex rel.* (1904), 32 Ind. App. 199. See, also, *Louisville, etc., R. Co.* v. *Vinyard* (1906), 39 Ind. App. 628. "If it consists in making inquiries, the time, place, and circumstances must be stated, to the end that the court may know that such inquiries were made in the proper quarter, and in due season." *McDonald* v. *Coryell* (1893), 134 Ind. 493, and cases cited.

Judgment affirmed.