## ORNDORF, EXECUTOR, *v.* JEFFRIES, EXECUTOR.

[No. 6,736.   Filed April 22, 1910..  Rehearing denied June 24, 1910.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 256.

2. WITNESSES.— *Competency.*— *Decedents' Estates.*— *Statutes.*— *Construction.*—Section 521 Burns 1908, §498 R. S. 1881, providing that all necessary parties to the issue or record, whose interests are adverse to the estate by or against which the action is maintained, shall not be competent witnesses against such estate, such statute creating an exception to the general rule of competency should be construed not only according to the letter thereof, but also according to the spirit.  p. 256.

3. WITNESSES.—*Competency.—Duty.—Breach of.—Liability.—Decedents' Estates.*—Where the issue in a case involves a breach of duty, in respect of which the witness would be liable over to the party calling him, or where his interest is certain and vested and involved in the issue, adverse to the estate, such witness is not competent. · p. 257.

4. WITNESSES.—*Widow of Decedent.*—The widow of a decedent is a competent witness in favor of her husband's estate, in an action by his executor on an account for services rendered, where her rights were fixed by his will, and it did not appear that they would be affected by the result, though the fact of her relationship with the executor may affect her credibility.  p. 258.

5. WITNESSES.—*Competency.—Legatees.*—In an action by one executor against another, a legatee of the testator of the latter is a competent witness as to a claim for board furnished by the testator of the former to the latter, there being nothing to indicate that such legatee had an interest in common with such latter executor, nor that any vested interest of such legatee would be affected by the demand.  p. 258.

6. WITNESSES.—*Competency.—Action by one Estate against Another.*—In an action by the executor of one estate to enforce a claim against another estate, §521 Burns 1908, §498 R. S. 1881, providing that all necessary parties to the issue or record shall be incompetent as witnesses, does not apply.  p. 259.

From Whitley Circuit Court; *Joseph W. Adair,* Judge.

Action by Henry Jeffries, as executor of the will of David Jeffries, deceased, against John W. Orndorf, as executor of the will of Marcus L. Jeffries, deceased.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Ephraim K. Strong,* for appellant.

*George Kichler, Benton E. Gates* and *D. V. Whiteleather,* for appellee.

, MYERS, C. J.—On September 18, 1907, in the court below, appellee filed an amended complaint, alleging, among other facts, the death of David Jeffries, the appointment of appellee as executor, and that the estate of Marcus L. Jeffries was indebted to the estate of David Jeffries, deceased, in the sum of $468 for board furnished said Marcus L. Jeffries by appellee's decedent. Issues were formed which were submitted to a jury, resulting in a verdict and judgment for $385 in favor of appellee. The overruling of appellant's motion for a new trial is assigned as error.

Appellant contends that the assessment of the amount of recovery was too large, that the verdict was not sustained by sufficient evidence and was contrary to law. The facts disclosed by the record, and about which there is no dispute, show that on December 23, 1905, appellee's decedent, David Jeffries, filed a claim for $300 against the estate of his brother, Marcus L. Jeffries, for board furnished the latter; that Marcus L. Jeffries died on May 11, 1905, and that appellant, John W. Orndorf, was appointed his executor; that for nearly three years prior to the death of said Marcus L. Jeffries he resided and boarded with appellee's decedent. David Jeffries died on May 17, 1906, and Henry Jeffries, appellee herein, was appointed his executor. Sarah A. Jeffries was the widow of David Jeffries, and by the provisions of the latter's will she was to have the rents and profits of a certain piece of real estate and a lease on one-third of a certain tract of land containing 145 acres for and during her natural life. All of the personal property and the fee to all the real estate of which said David Jeffries died the owner were given to his son, the appellee. Elizabeth Long was a legatee under the will of Marcus L. Jeffries. Noah Long was the husband of Elizabeth Long.

We have carefully read and considered all the evidence in

this case, and while we are strongly impressed in the belief that the verdict was too large, yet there is evidence from which the jury might have awarded the amount it did.

A part of the testimony of Sarah A. Jeffries, admitted without objection, related to care and attention rendered said Marcus L. Jeffries, and was so connected with

1. that given by her relative to the subject-matter in dispute as likely to have had some weight with the jury, but for us to disturb the judgment because of such likelihood, or because we may disagree with the jury as to the facts proved, would require us to weigh the evidence, and this we cannot do. If, upon a consideration of all the evidence, we could say that there was no evidence properly in the record sustaining the assessment made by the jury, then the question would be one of law and within our province, but such is not this case, and the assessment as made by the jury and sanctioned by the trial court must stand.

The verdict being within the evidence and not without the issues, the second and third reasons for a new trial must fail.

Sarah A. Jeffries was called as a witness in behalf of appellee. Appellant's objection was not to any part of her testimony, but to her competency as a witness. This objection was overruled, and her testimony, concerning material matters which occurred during the lifetime of Marcus L. Jeffries, was received.

Section 521 Burns 1908, §498 R. S. 1881, is relied on in support of the objection. This statute creates an exception

2. to the general rule, that all persons are competent witnesses, by declaring persons incompetent as witnesses, who are necessary parties to the issue or record, or whose interests are adverse to the estate. And, as interpreted by the Supreme Court and this court, the question of competency is determined not alone from the letter of the statute, but from its spirit and purpose as well. *Dur-*

*ham* v. *Shannon* (1888), 116 Ind. 403, 9 Am. St. 860; *Payne* v. *Larter* (1907), 40 Ind. App. 425; *Scherer* v. *Ingerman* (1887), 110 Ind. 428; *Leach* v. *Dickerson* (1896), 14 Ind. App. 375; *Sloan* v. *Sloan* (1898), 21 Ind. App. 315; *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109; *Bowen* v. *O'Hair* (1902), 29 Ind. App. 466; *Walker* v. *Steele* (1890), 121 Ind. 436.

In the case of *Durham* v. *Shannon, supra,* it is said: "Generally speaking, three things must concur in order to exclude the testimony of the surviving adversely interested party: (1) The transaction, or the subject-matter thereof, must be in some way directly involved in the action or proceeding, and it must appear that one of the parties to the transaction, about to be proved, is dead. (2) The right of the deceased party must have passed, either by his own act or that of the law, to another, who represents him in the action or proceeding in the character of executor, administrator or in some other manner in which he is authorized by law to bind the estate. (3) It must appear that the allowance to be made or the judgment to be rendered may either directly or indirectly affect the estate of the decedent."

From the cases heretofore cited, we may also conclude that where the issue involves a breach of duty, or default in respect of which the witness would be liable over to the party calling him, or where his interest is certain and vested and involved in the issue adverse to the estate as contradistinguished from affection, prejudice or bias, in either case, under the statute, the witness would be disqualified.

In the case of *Michigan Trust Co.* v. *Probasco, supra,* it is said: "Parties to the issue must mean the parties between whom there is a controversy submitted to the court for trial; the parties who are litigating the particular controversy, and against one of whom, and in favor of the other, the court will render a judgment or decree." See, also,

*Owings* v. *Jones* (1898), 151 Ind. 30; *Scherer* v. *Ingerman, supra; Bischof* v. *Mikels* (1898), 147 Ind. 115.

In this case the witness was neither a party to the issue nor to the record. Her husband was dead. Her rights in his property were fixed by testamentary disposition, and it did not appear that they would in any way be affected by the result of this action. It might be said that the facts disclose such relationship between the witness and the appellee as might affect the credibility of the witness, but, as we have seen, that is not enough to make her an incompetent witness under the statute.

Furthermore, in the case of *Sloan* v. *Sloan, supra,* an action by one estate against another estate to enforce payment of a claim, it was held that both estates stood upon an equal footing, and it was not, therefore, a case for the application of the statute. In that case it was said: ''The statute, as we have said, is an exception to the general rule as to the competency of witnesses; and, unless the wording of the statute embraces an exception like that at bar, we cannot extend its application to such a case. We think it manifest from the wording of the statute itself, and from the language of the decision placing upon it a construction, that its provisions do not extend to a claim prosecuted by one estate against another.''

Elizabeth Long and Noah Long, her husband, were called as witnesses on behalf of appellant. After Elizabeth Long had stated her name and place of residence, appellee objected to her further testifying, on the ground that she was a legatee under the last will of Marcus L. Jeffries, deceased. Thereupon, appellant admitted that the witness was a legatee under said will, and the court sustained appellee's objection. This was error. The proposed witness was not a party to the issue or record, nor does it appear that she had an interest in the result of the suit in common with the party calling her. Nor is it shown that she was otherwise interested as would render her incompe-

tent within the spirit of the statute. The general rule of competency applies until the contrary is made to appear. True, she was a legatee, but that fact alone would not render her an incompetent witness, unless it was shown that appellee's demand would affect a certain and vested interest belonging to her. The objection does not make this showing.

In any event, here is one estate prosecuting a claim against another estate, and clearly within the rule announced by this court in the case of *Sloan* v. *Sloan,* *supra,* wherein it is held that §521, *supra,* declaring certain persons incompetent as witnesses, does not apply.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial.