CITIZENS' STATE BANK OF KINGMAN *v.* FOUNTAIN TRUST COMPANY OF COVINGTON, ET AL.

[No. 14,196. Filed January 13, 1932. Rehearing denied July 28, 1932.]

*John B. Murphy* and *Forest E. Livengood,* for appellant.

*Gavin & Gavin* and *Harry N. Fine,* for appellees.

LOCKYEAR, J.—One Wallace L. Adkins died and The Fountain Trust Company of Covington, Indiana, duly qualified as executor of his last will.

The Citizens State Bank of Kingman filed a claim against his estate based upon a promissory note executed to said bank in the sum of $1,360 and signed by Leslie W. Adkins, as principal, and by George B. Adkins and Wallace L. Adkins, as sureties.

The claim recites that the note came due and that Leslie W. Adkins presented to said bank a renewal note with the names of the same sureties thereon, which note the bank accepted and delivered the old note to the principal, Leslie W. Adkins.

Thereafter it learned that the second note was a forgery as far as the sureties were concerned.

The appellant thereupon filed a claim against the estate of Wallace L. Adkins on the original note, which it had surrendered to Leslie W. Adkins.

After the claim was transferred to the trial docket, summons was issued for Leslie W. Adkins, a defendant,

principal on the note as provided by Sec. 3166 Burns 1926, and also against George B. Adkins, as surety thereon, who filed an answer of *non est factum*.

The executor filed no answer but contended that the decedent did not sign the note.

At the beginning of the trial, on motion of plaintiff, the defendant, Leslie W. Adkins, was called and defaulted and the trial proceeded as against the other defendants.

The appellant called as its sole and only witness, the defendant, Leslie W. Adkins, and proposed to prove by him that the decedent, Wallace L. Adkins, signed the note sued on. The appellee objected to this witness being permitted to testify because of incompetency, and the court sustained the objections and refused to permit this witness to testify, and the court's action in the premises is the basis of appellant's motion for a new trial, which was overruled. Judgment was entered in favor of plaintiff against the defendant, Leslie W. Adkins, on the note, but in favor of the defendants, George B. Adkins and the Fountain Trust Company, the executor of the will of Wallace L. Adkins, deceased.

The sole question raised on this appeal is, "Was Leslie W. Adkins a competent witness to testify in this case on behalf of appellant as against The Fountain Trust Company, executor of the will of Wallace L. Adkins, deceased?"

All parties agree that proper questions were asked, objections and offers to prove made and the question is fairly presented for our determination and it is not necessary to set out the questions, objections and offers to prove that were made at the trial.

Burns 1926, Sec. 551, provides: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance

may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony."

A party to the record may not be a party to the issue to be tried between the executor and a co-party; indeed, he may have no interest whatever in that issue, or his interest may be balanced, or may be with the executor. The term party means a party to the issue, or if merely to the record, then that he be interested in the issue in favor of the party calling him, and adversely to the estate.

The case of *Bowen, Administratrix* v. *O'Hair* (1902), 29 Ind. App. 466, 64 N. E. 672, is similar in all essential respects to the case at bar. In that case a note was signed by Joseph B. Bowen and A. J. Bowen. A. J. Bowen died. The complaint alleges that Joseph B. Bowen was principal and A. J. Bowen surety. Joseph B. Bowen filed an answer in general denial and payment, but was not represented by attorney and did not join in the defense. Objection was made to the competency of the witness, Joseph B. Bowen, one of the makers of the note and who was a party to the action.

In that case the question was whether or not the witness had authority to sign the name A. J. Bowen to the note. The question in the instant case is, "Did the deceased, Wallace L. Adkins, sign the note?"

The court in the case of *Bowen* v. *O'Hair, supra,* quot-

ing from *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, 9 N. E. 907, says: "The true spirit of the statute seems to be, that when a party to a subject-matter or contract in action is dead, and his rights in the thing or contract have passed to another who represents him in the action or proceeding which involves such contract or subject-matter, to which the deceased was a party, the surviving party to that subject shall not testify to matters occurring during the lifetime of the decedent," and quoting further the court said, "Had a judgment been rendered in favor of the administrator it would have established the fact that the note, upon the faith of which the witness had procured $600 in money, was not what it purported to be. A judgment in tort is more drastic and more easily collected than a judgment upon contract. If the signature of the decedent was forged and by means thereof the money of appellant's ward wrongfully procured by the witness, he became liable to a judgment in tort. The witness had an interest in the record in this case, for the reason that it would be competent evidence to protect him from liability in such subsequent action. Considering the word 'interest' as used in Sec. 506 Burns 1901, by reference to the common law definition, it follows that the witness was not competent. Such result coincides with the spirit of the act as many times stated and applied by the courts of this state."

Whether the party who is called as witness is competent in cases where the estate of a co-maker of a note is defending depends upon the status of the case against the witness and whether he is still a party to the issue when called as a witness. The appellant cites in support of its contention the cases of *Upton* v. *Adams* (1867), 27 Ind. 432; *Starret* v. *Burkhalter et al., Ex'rs.* (1882), 86 Ind. 439-444. These cases are easily distinguishable from the instant case. The case

before us clearly shows that Leslie W. Adkins was not only a party to the record but also a party to the issue.

The case was set for trial on November 7th. All the parties were before the court on that day.

Leslie W. Adkins filed no answer to the complaint. On motion of the defendant he was defaulted. He was then called as a witness for the appellant and admitted that he had forged the name of George B. Adkins to the original note and upon such forged note had obtained $1,360 from the appellant.

The witness was then asked whether the deceased, Wallace L. Adkins, signed the original note, with the result that the court refused to allow the witness to answer the question as above stated.

The court then rendered judgment for the appellee and for George B. Adkins and against Leslie W. Adkins. This judgment was not rendered until November 8th, the day after default was taken against Leslie W. Adkins.

In the time intervening between the taking of the default and the rendition of the judgment and when the said Leslie W. Adkins was being examined as a witness, Leslie W. Adkins was still in court and was a party to the issues and interested in the final judgment to be rendered. Did the decedent sign as a surety or co-maker of the note in question or did he sign at all? If Leslie W. Adkins forged one signature, did he forge two signatures? If the evidence would show that he did forge the signature, it was within the power of the appellant to dismiss as to Leslie W. Adkins and bring an action for fraud; sounding in tort, the action would be more drastic against him.

Was his interest adverse to the estate?

The trial court thought it was and we concur in that view.

The judgment is affirmed.